UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DAVEY TERRELL FLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 1:13-CV-270-HSM-SKL |
| v. ) | |
| ) | |
| TERRY DENNEY and COUNSELOR ) | |
| TERRY MAYNARD, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

This is a pro se prisoner's civil rights action under 42 U.S.C. § 1983. On June 20, 2016, the Court entered an order in which the Court required Plaintiff to show cause as to why his complaint should not be dismissed for lack of prosecution [Doc. 25]. While Plaintiff did not directly respond to that order, he subsequently filed a motion to appoint counsel [Doc. 27] in which he states that he was notified by his family that the Court had entered an order in this case, but that he had not received it because he is now incarcerated in Memphis.[1]

It is apparent from the fact that Plaintiff cites the August 23, 2016, trial date in this case in his motion to appoint counsel [Doc. 27 p. 1] that Plaintiff received the Court's scheduling order [Doc. 20], entered on April 29, 2016, in which the Court stated that Plaintiff was to file a pretrial narrative statement on or before June 14, 2016 [Doc. 20 p. 1–2]. In the scheduling order, Plaintiff was forewarned that if he did not comply with this deadline, his case would be dismissed for failure to prosecute and failure to comply with the orders of the Court pursuant to

---

[1] The Court previously ordered Plaintiff to immediately inform the Court and Defendants or their counsel of record of any address change and notified Plaintiff that failure to do so within fourteen (14) days would result in dismissal of this action [Doc. 7 p. 2].

Rule 41(b) of the Federal Rules of Civil Procedure [*Id.* p. 2]. The June 14, 2016, deadline has passed, Plaintiff has not filed his pretrial narrative statement, and Defendant has notified the Court that Plaintiff has not complied with the scheduling order [Doc. 26]. Plaintiff's recent motion to appoint counsel does not meet the requirements for a pretrial narrative statement set forth in the Court's scheduling order [Doc. 20 p. 1–2] or otherwise acknowledge Plaintiff's failure to meet this deadline.

Accordingly, this action will be **DISMISSED** for failure to prosecute and failure to comply with the orders of the court. Fed. R. Civ. P. 41(b). Given the reason for this dismissal, the Court **CERTIFIES** that any appeal taken in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). Thus, if Plaintiff files a notice of appeal, he must also submit an application for leave to proceed *in forma pauperis* to the Sixth Circuit on appeal, as this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R**:

                                             */s/ Harry S. Mattice, Jr.*
                                             HARRY S. MATTICE, JR.
                                             UNITED STATES DISTRICT JUDGE